IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES DEPAUL CARTER,

    Plaintiff,

  v.                                    No. CV 09-0573 BB/GBW

E. BRAVO and J. ROMINE,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL**

**THIS MATTER** is before the Court on Plaintiff's *Motion for Appointment of Counsel* (*Doc. 3*). For the reasons set forth below, the Court finds that the motion is not well-taken and should be **DENIED** at this time.

Factors which the Court weighs when considering a motion for appointment of counsel include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). *See also Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). In considering Plaintiff's motion for the appointment of counsel, the Court has carefully reviewed the motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors. Plaintiff has failed to attach an affidavit relating to his ability to pay costs and fees or show that he has made real

efforts to obtain counsel from legal aid or legal services organizations without payment of a fee or on a contingent fee basis.  *See Doc. 3*.  Additionally, the Court finds that Plaintiff appears to understand the issues in the case and appears to be representing himself in an intelligent and capable manner.  Therefore, his motion for the appointment of counsel will be **DENIED** at this time.

    **IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Appointment of Counsel* (*Doc. 3*) is **DENIED** at this time.

    **IT IS SO ORDERED**.

_____
**United States Magistrate Judge**