**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CHARLES CARTER,

      Plaintiff,

v.                                                                     No. CIV 09-0573 BB/GBW

E. BRAVO (WARDEN G.C.C.F.),
J. ROMINE, DDS,
LT. JESSICA (VIGIL) ROGERS,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff also filed a motion to amend the complaint (Doc. 8), which Court construes as an amended complaint. *See* Fed. R. Civ. P. 15(a)(1)(A). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts

to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants denied Plaintiff necessary treatment for serious dental conditions. Plaintiff alleges that Defendants' actions may have been taken, in part, in retaliation for his filing of grievances. He contends that these actions violated his constitutional protections against cruel or unusual punishment. The complaint seeks damages.

Plaintiff's allegations against Defendant J. Romine, DDS, do not support claims for relief. Defendant Romine is a dentist in Santa Rosa, New Mexico, who performs contract dental work for the Corrections Department. At an initial examination of Plaintiff at the prison, Defendant Romine said that Plaintiff required off-site surgery. Plaintiff alleges that corrections officials never scheduled transportation, and "Dr. Romine recklessly forgot to schedule the surgery the first time." Although forgetfulness may support a malpractice claim, an Eighth Amendment claim requires a showing of a defendant's "deliberate indifference." *Sealock v. State of Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "[D]eliberate indifference occurs when prison officials prevent an inmate from receiving treatment or deny him access to medical personnel capable of evaluating the need for treatment. Ordinarily, a medical professional will not be liable for this second kind of deliberate indifference. . . . [unless] his role in a particular medical emergency is solely to serve as a gatekeeper for other medical personnel." *Sealock*, 218 F.3d at 1211 (citing *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)). Plaintiff's allegations against Dr. Romine do not meet these standards, and his claims against this Defendant will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (Doc. 8) is DENIED as moot and is construed as an amended complaint, and the Clerk is directed to add the name of Lt. Jessica (Vigil) Rogers to the docket as a named Defendant;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Romine are DISMISSED with prejudice, and Defendant Romine is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the original and amended complaints (Doc. 1, 8), for Defendants Bravo and Rogers.

_____
UNITED STATES DISTRICT JUDGE