IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES DEPAUL CARTER,

        Plaintiff,

v.                                  CV 09-0573 BB/GBW

E. BRAVO, Warden, JESSICA
(VIGIL) ROGERS, Grievance
Officer, Guadalupe County
Correctional Facility.

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

The Court incorporates by reference the factual background of this case as set out in the recently filed Report and Recommendations, *Doc. 17*. Plaintiff included in his Response to the *Martinez* Report a motion to strike Defendant Vigil's affidavit from the Report. *Doc. 15* at 2. Plaintiff bases his motion on Defendant Vigil's alleged perjury. *Id*. Specifically, he claims that her affidavit contains the following false information: (1) That the grievance policy submitted by the Defendants was the one in effect when Plaintiff filed grievances; (2) That Plaintiff was released on July 14, 2009; (3) That the prison policy required an informal complaint to be filed; and (4) That Defendant Vigil received and reviewed Plaintiff's informal complaints. *Id.* at 2-3.

"A supporting or opposing affidavit must be made on personal knowledge, set

out facts that would be admissible in evidence, and show that the affiant is competent to testify to the matters stated." Fed. R. Civ. P. 56(e)(1).  An affidavit that fails to meet any of those three requirements is subject to a motion to strike.  *City of Shawnee v. Argonaut Ins. Co.*, 546 F. Supp. 2d 1163, 1177 (D. Kan. 2008)(citing *Noblett v. Gen. Elec. Credit Corp.*, 400 F.2d 442, 445 (10th Cir. 1968).  Further, if the Court relies on an affidavit provided by a moving party, it must not forbid the nonmoving party from opposing the affidavit.  *See Daneshvar v. Graphic Technology*, 237 F. App'x 309, 318 (10th Cir. 2007); *Delkhah v. Moore*, 240 F. App'x 768, 771 (10th Cir. 2007)(holding no abuse of discretion where the District Court denied a motion to strike moving parties' affidavits noting that the non-moving party had had an opportunity to oppose them).

Plaintiff has not alleged that Defendant Vigil's affidavits fails to meet the three requirements.  The appropriate response to the alleged misrepresentations is the filing of an affidavit with contrary facts.  Plaintiff has had the opportunity to file such an opposing affidavit and, indeed, has done so.  *Doc. 15* at 2.  I deny the motion to strike.

IT IS SO ORDERED.

_____
HON. GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE